[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARYJUDGMENT
The defendant's motion is denied for these reasons:
1. Judge Celotto addressed this very same issue in granting the plaintiff's Motion for Partial Summary Judgment on October 2, 1995. This court refuses "to reopen what has been decided . . . ."Miller v. Kirshner, 225 Conn. 185, 191 (1993).
2. Contrary to the defendant's assertion, Judge Bassick didnot rule for the defendant on this issue and did not deny the interest claim of the plaintiff. He specifically left that issue for another day, denying it "without prejudice, however, to a renewal of that request in the future, . . ." (Transcript of November 18, 1991, Page 3, Puleo v. Puleo, FA 89 0282284 S).
3. It is most unfortunate that this defendant has continued his futile and misguided campaign to avoid fulfilling his legal and rightful obligations, a course he embarked upon from the inception of the dissolution action. The claim he makes as to interest is without merit and at oral argument the further claim was made that in family matters, interest is not permitted on awards of counsel fees.
Paragraph 6 of this Court's Memorandum of Decision was not "an award of counsel fees" as such fees are usually awarded. This language was employed:
 "6. The defendant shall pay to the plaintiff the amount of $25,000. towards the legal fees she has incurred with respect to this dissolution of marriage action. Twelve thousand five hundred dollars ($12,500) shall be payable within 60 days of the dissolution of marriage, with the remainder paid within one year of the date of this decision."
CT Page 474
This language was employed with the full realization that the plaintiff would require the extra protection of the language of a court judgment.
As plaintiff's counsel has noted in his brief, interest in domestic relations matters involving nonpayment of court ordered payments is routinely awarded. (Citations omitted)
Anthony V. DeMayo, State Trial Referee